IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMON MARTINEZ,

    Petitioner,                      No. CIV S-11-0612 EFB P

    vs.

RICHARD B. IVES,

    Respondent.                  ORDER

_____/

    Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus, ostensibly under 28 U.S.C. § 2241.[1] Respondents move to dismiss this action on the grounds that it is not properly brought under 28 U.S.C. § 2241, and that this court lacks jurisdiction to consider the petition. For the reasons explained below, the court agrees and grants the motion to dismiss.

**I.    Background**

    Petitioner was convicted in the Colorado district court of conspiring to possess with the intent to distribute, and possessing with intent to distribute 500 grams or more of methamphetamine, but was acquitted of participating in a continuing criminal enterprise. *United*

---

[1] This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

1

*States v. Martinez*, 359 F. App'x 949, 949-50 (10th Cir. 2010). He was sentenced to 360 months of imprisonment. *Id.* On direct appeal, the Tenth Circuit affirmed the judgment of the district court. *United States v. Martinez*, 230 F. App'x 808, 810, 815 (10th Cir. 2007). In 2008, petitioner filed a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which the district court denied in 2009, and declined to issue a certificate of appealability. *Martinez*, 359 F. App'x at 950. On appeal, the Tenth Circuit found that petitioner had failed to meet the standards for the issuance of a certificate of appealability and dismissed the case. *Id.* at 949.

Petitioner filed the instant petition in this court in March 2011, purportedly invoking 28 U.S.C. § 2241. Petitioner claims that he is actually innocent, because he could not legally have been convicted of conspiracy when he had been acquitted of participating in a continuing criminal enterprise (CCE), as conspiracy is a lesser included offense. Dckt. No. 1 at 5-6.

**II.   Analysis**

Respondents argue that because petitioner is challenging the legality of his sentence, he must bring a petition under § 2255 in the sentencing court, and this court therefore lacks jurisdiction over his petition.[2]

Generally, a challenge to the legality of a petitioner's sentence should be brought under § 2255 in the court in which the petitioner was sentenced rather than under 28 U.S.C. § 2241 in the court for the geographic territory encompassing the prison in which the petitioner is confined. *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). This general rule has one exception--under the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may challenge the legality of his sentence under § 2241 in the custodial court where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; 28

---

[2] Petitioner contends in his opposition to the motion to dismiss, without further explanation, that he "is attacking the manner or the execution and believes § 2241 is appropriate." Dckt. No. 17 at 2. But petitioner claims that he should not have been convicted of conspiracy. This claim clearly challenges the legality of his sentence.

2

U.S.C. § 2255(e).

"[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted). Petitioner claims that he is actually innocent of the crime of which he was convicted. This court need not analyze whether petitioner meets the actual innocence standard, because even assuming that he does, he does not qualify for the escape hatch of § 2255. He has already had an unobstructed procedural shot at presenting these claims.

The Ninth Circuit explained the standard for determining whether a petitioner had an unobstructed procedural shot to pursue his claim: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (emphasis added; internal quotation marks omitted). An intervening court decision must "effect a material change in the applicable law" to establish unavailability. *Id.*

Notably, the fact that a petitioner may be barred from raising his claims of actual innocence in a section 2255 petition because it would be second or successive does not mean that petitioner qualifies for the section 2241 escape hatch. *See Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

In this case, petitioner does not point to a change in the applicable law that would show that he did not have an unobstructed shot at presenting his claim at the time of his first section 2255 petition. He does not allege that applicable new law has been created since he filed his section 2255 petition. As explained above, petitioner filed his section 2255 petition in 2008.
////

Petitioner cites two cases in his brief, *Rutledge v. United States*, 517 U.S. 292 (1996) (holding that one of defendant's two concurrent sentences for conducting continuing criminal enterprise (CCE) and conspiracy to distribute controlled substances, which was lesser included offense of CCE offense based on same underlying conduct, had to be vacated); and *United States v. Becton*, 751 F.2d 250, 257 (8th Cir. 1984) ("A CCE charge would seem to include any and all federal narcotics violations committed during the time period specified in the charge. Thus, an acquittal on the CCE charge would in all likelihood bar further prosecution for any acts that would constitute underlying violations, and a CCE conviction would include all underlying felonies committed during the time period covered by the indictment."). Both of these cases were decided well before petitioner filed his first section 2255 petition. Petitioner could have raised arguments based on these cases on direct appeal or in his section 2255 petition.

### III. Conclusion

Petitioner has not shown that he has not had an unobstructed shot at pursuing his claim. Therefore, his claims must be brought in a section 2255 petition in the sentencing court, and this court lacks jurisdiction over his section 2241 petition.

Accordingly, it is hereby ORDERED that:

1. Respondent's motion to dismiss is granted;

2. The Clerk is directed to enter judgment and close the case; and

3. The court declines to issue a certificate of appealability.

Dated: March 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE